# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| STERLING NATIONAL BANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:19-cv-01116 |
| HARVEY MEISTER D/B/A/ GDS PROFESSIONAL BUSINESS DISPLAYS, HARVEY MEISTER, & LORRAINE M. MEISTER, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER & OPINION

Before the Court is the parties' Notice of Consent Judgment against Defendant Lorraine M. Meister and inherent request that the Court sign and enter said judgment. (Doc. 22). Given this judgment would dispose of less than all Defendants in this case, the Court directed the parties to file memoranda discussing the propriety of entering such a judgment under Federal Rule of Civil Procedure 54(b). The parties have made their submissions (docs. 23, 25), so the matter is ripe for review.

### BACKGROUND

In June 2016, Defendant Harvey Meister d/b/a GDS Professional Business Displays (GDS) obtained a secured loan from Liberty Capital Group, Inc., which encumbered a new EFI Vutek GS3LXProprinter, serial number 263026. (Doc. 1-1 at 1). On the same date, Defendant Harvey Meister, in his personal capacity, and his wife, Defendant Lorraine Meister, signed personal guaranties guaranteeing the loan obtained by Defendant GDS. (Doc. 1-1 at 9–12). In September 2016, Liberty Capital

Group, Inc., assigned its interest in the loan to Plaintiff Sterling National Bank; Defendants Harvey Meister, in both his personal capacity and on behalf of Defendant GDS, and Lorraine Meister agreed to the terms of the assignment. (Doc. 1-1 at 15–18).

Defendant GDS subsequently defaulted on the loan, and Defendants Harvey Meister and Lorraine Meister seemingly defaulted on their guaranties, as the outstanding balance has apparently not been paid to Plaintiff. Defendant Harvey Meister admits as much (doc. 7 at 3). Defendant Lorraine Meister, however, responds to the allegation that her refusal to make payments when due resulted in her default by stating:

> Defendant Lorraine Meister states she has insufficient information to form a belief as to the truth or falsity of the factual allegations contained in Paragraph[ ] 39 of Plaintiff's Complaint and therefore denies the same. She affirmatively states that she is a stay at home wife having no connection with or knowledge of her husband's business. She admits the signatures on the documents are hers. She signed the documents without reading them as she was told the creditor said she had to as she was Harvey's wife.

(Doc. 7 at 4).[1] At any rate, the pleadings affirmatively establish Defendant Lorraine Meister signed a personal guaranty of the loan and the loan is defaulted.

---

[1] That she is a stay at home wife and not knowledgeable of her husband's business is irrelevant to whether she defaulted on a personal guaranty she signed. And "I did not read what I was signing" is, obviously, not a valid legal defense. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1292 (7th Cir. 1989) ("[B]asic contract law establishes a duty to read the contract; it is no defense to say, 'I did not read what I was signing.' "). As a signatory, it is presumed she knew the contents of the agreement. Further, whether she had been asked to pay the outstanding balance and whether she refused that request, as alleged in Complaint, are matters within her personal knowledge. Her denial of the entirety of the paragraph is, therefore, disingenuous.

As the loan is in default, Plaintiff filed the instant lawsuit. In October 2019, Plaintiff filed a notice stating Defendants GDS and Harvey Meister, but not Defendant Lorraine Meister, had filed for bankruptcy. In November 2019, Magistrate Judge Hawley stayed this case as to Defendants GDS and Harvey Meister under 11 U.S.C. § 362(a); the case was not stayed as to Defendant Lorraine Meister. Thereafter, Defendant Lorraine Meister agreed to the Consent Judgement before the Court.

**LEGAL STANDARD**

Rule 54(b) states:

> When . . . multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"No precise test exists for determining whether there is a just reason to delay the entry of judgment that can be satisfactorily or easily applied in every case." 10 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2659 (4th ed.). Rather, "an application for a 54(b) order requires the trial judge to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present." *Schaeffer v. First Nat. Bank of Lincolnwood*, 465 F.2d 234, 235 (7th Cir. 1972). The Seventh Circuit has referred to "following catalogue of relevant considerations along with the caveat that it is not all-inclusive" set forth by the Third Circuit:

3

> (1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

Additionally, the Seventh Circuit has recognized immediate appealability is not always the purpose for obtaining a Rule 54(b) judgment.

> The entry of a final judgment has a number of important consequences. Ordinarily it is only from a final judgment that an appeal may be prosecuted under 28 U.S.C. § 1291. Indeed, the principal purpose of Civil Rule 54(b) is to permit piecemeal appeals "in the infrequent harsh case." Advisory Committee Note, 5 F.R.D. 473 (1946); *see Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432-33 . . . (1956). Yet immediate appealability is obviously not the sole consequence of a final judgment. *See generally* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2661 (1973). A judicial determination has no *res judicata* effect until it is embodied in a final judgment. *See* Restatement (Second) of Judgments § 14 (Tent. Draft No. 1, 1973). Interest on an adjudicated claim for money generally only accumulates upon the entry of a final judgment. *See* 28 U.S.C. § 1961. And perhaps most significantly for our purposes here, the process of collecting upon an adjudicated claim can only commence after a final judgment has been entered.

*Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 n.7 (7th Cir. 1980).

## DISCUSSION

Given there is no precise test or mandatory factors to consider, the Court will focus on those factors which bear on this case.

Contrary to Plaintiff's position, that the claims against each Defendant arise from the same transaction does not militate in favor of entering a Rule 54(b) judgment

4

against Defendant Lorraine Meister, even if the claims are discrete and separate.[2] Rather, it increases the risk of inconsistent judgments and the likelihood that the reviewing court might be obliged to consider the same issue a second time. That risk is further exacerbated here because Defendants GDS and Harvey Meister allege Plaintiff had a duty to mitigate its loss (doc. 7 at 1, 3), while Defendant Lorraine Meister does not. Should Defendants GDS and Harvey Meister be successful on their assertion Plaintiff had a duty to mitigate, Plaintiff's damages would likely be less than that stated in the proposed Consent Judgment. This, however, does not itself prevent entry of a Rule 54(b) judgment. *See Elefant*, 790 F.2d at 665 (affirming entry of a Rule 54(b) judgment against the guarantors but not the original borrower even though it was possible, even likely, the total damages the guarantors would be required to pay would be affected by the claims continuing in the district court).

That said, the need for review of this claim and the risk the reviewing court might be obliged to consider the same issue a second time are minimal. Absent fraud, mutual mistake, or a similar issue, Defendant Lorraine Meister will not be able to appeal entry of the Consent Judgement because she agreed to it, meaning there is a slim chance of the Seventh Circuit reviewing these facts twice. This minimal risk of a piecemeal appeal weighs in favor of a Rule 54(b) judgment.

And while there is no immediate need for review, Plaintiff has a strong interest in obtaining a judgment so it can commence collection, a significant consideration

---

[2] The Seventh Circuit has treated guaranties as discrete and separate from the note guaranteed in the context of Rule 54(b). *Fed. Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 664 (7th Cir. 1986).

5

here. *See Bank of Lincolnwood*, 622 F.2d at 949 n.7. It is unclear how long the bankruptcy proceedings will last, and an indefinite delay could prejudice Plaintiff's position, particularly when the Defendants' collective solvency is at issue and Defendant Lorraine Meister has represented she has few assets. The Seventh Circuit has affirmed entry of a Rule 54(b) judgment in a similar scenario, noting "[t]he entry of judgment pursuant to Rule 54(b) [against the guarantor] was necessary because the claim against [the borrower] was automatically stayed as a result of [the borrower] filing a petition for bankruptcy." *First Ind. Bank v. Baker*, 957 F.2d 506, 507 (7th Cir. 1992); *see also Elefant*, 790 F.2d at 664–65 ("When the basic liability is clear, however, a district court may require the obligor to pay up at once. Any other approach gives litigants an incentive to tarry while they are in possession of money that is (mostly) someone else's.").

Finally, Defendant Lorraine Meister's agreement to the Consent Judgment weighs heavily in favor of entering it. Indeed, there is no point in proceeding with litigation when one party agrees to judgment against it. Doing so would merely create unnecessary expense and waste judicial time and resources. Thus, considering the specific facts of this case, the Court concludes there is no just reason for delay of judgment against Defendant Lorraine Meister.

## Conclusion

FOR THE FOREGOING REASONS the Court concludes there is no just reason to delay entry of the Consent Judgment (doc. 22) before it. Having so found, the Court shall approve it.

SO ORDERED.

Entered this 24th day of February 2020.

                                                                                         s/ Joe B. McDade
                                                                                       JOE BILLY McDADE
                                                               United States Senior District Judge